# CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01733-JAK (AFMx) | Date: | March 22, 2019 |
| Title | Vanderbilt Mortgage and Finance, Inc. v. Joel Chapela, et al. | | |

Present: The Honorable: JOHN A. KRONSTADT, U.S. DISTRICT JUDGE

| Andrea Keifer | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers)**     **ORDER REMANDING MATTER TO STATE COURT JS-6**

      On April 12, 2018, Vanderbilt Mortgage and Finance, Inc. ("Plaintiff") instituted unlawful detainer proceedings against Joel Chapela and Does 1 to 10 ("Defendants") in state court. Defendants have allegedly continued in unlawful possession of the property located at 27631 Sierra Highway, Space 95, Canyon Country, CA 91351 (the "Property") that is owned by Plaintiff. Defendants have remained in possession of the Property and allegedly were served with a Notice to Quit. Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Doe Defendant Isaac Moore removed the action to this Court on March 8, 2019. Defendant Moore claims he has not been properly served, but accepts service as of the date of the filing of the Notice of Removal. (Notice of Removal, ¶ 2; Decl. of Moore, ¶ 4.) Defendant Moore has attached the Summons to the Notice of Removal. Defendant Moore asserts that jurisdiction exists in this Court based on diversity jurisdiction (Notice of Removal, ¶¶ 3-6) and federal question jurisdiction (Notice of Removal, ¶¶ 8-12).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:19-cv-01733-JAK (AFMx) | Date: March 22, 2019 |
| Title | Vanderbilt Mortgage and Finance, Inc. v. Joel Chapela, et al. | |

792 F.2d 925, 927 (9th Cir. 1986). Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

It is clear that there is no diversity jurisdiction under 28 U.S.C. § 1332. The amount in controversy is alleged to be less than $25,000 (*see* Los Angeles Superior Court Case No. 18CHUD00680 Civil Cover Sheet), and Defendant Moore himself alleges only that the amount in controversy exceeds $2,000 (Notice of Removal, ¶ 3) – well below the statutory threshold of $75,000. Defendant Moore has not plausibly alleged that the amount in controversy requirement has been met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Moreover, Defendant Moore cannot justify diversity jurisdiction based on the alleged value of a yet-to-be asserted counterclaim. *See Frantz v. Midland Corporate Tax Credit III Limited Partnership*, 2014 WL 4656475 at *2 (D. Id. 2014) (counterclaims cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction); *Franklin v. Car Financial Services, Inc.*, 2009 WL 3762687 at *2 (S.D. Cal. 2009) (same).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although Defendant Moore contends that a federal question exists "surrounding the construction of the Pooling and Service Agreement of the Plaintiff . . . ," the Summons indicates that plaintiff's complaint contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction over this state law claim even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93. This is a simple state law unlawful detainer case, and there is no federal question presented. Defendant Moore has not met his burden of showing that jurisdiction exists.

The Court thus REMANDS the action to state court forthwith.

cc: Pro Se Defendant